# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL ALLEN, #355086 <br> KENAN K. COFIELD, #405938 <br> JOHN WESLEY JOHNSON, #188392 <br>       Plaintiffs, <br> v. <br><br> STATE OF MARYLAND, et al. <br>       Defendants. | * <br> * <br> * <br> *    CIVIL ACTION NO. CCB-13-1839 <br> * <br> * |

## MEMORANDUM

On June 24, 2013, the court received for filing this "class action" 42 U.S.C. § 1983 lawsuit from plaintiffs, who are currently confined at the Eastern Correctional Institution ("ECI"). No claims or requests for relief are presented. Rather, plaintiffs direct the court's attention to the attachments which accompany the complaint form. ECF No. 1 at p. 3, §§ III & IV. The attachments, however, do not reveal what precise claims plaintiffs wish to raise. The attachments seemingly involve a 40-year old federal case which related to prisoner transfers or custody allegedly without a court order; Maryland sentencing procedures, rules and statutes; and commitment, warrants, and criminal judgment records for two of the three plaintiffs (Cofield and Johnson). Because they appear indigent, plaintiffs' motion for leave to proceed in forma pauperis shall be granted. The complaint, shall however be dismissed without prejudice.

First, class certification shall be denied. Plaintiffs must prove that they have met the requirements of numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). A class action can be maintained only if "the representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Self-represented plaintiffs are not favored as representative parties in a class action, as they generally cannot

represent and protect the interests of the class fairly and adequately. *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) ("["I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

Further, while self-represented actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[1] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985). A pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Self-represented pleadings must be "liberally construed" and "held to less stringent standards than those by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a complaint need not contain detailed allegations. But, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This court has unsuccessfully attempted to determine the nature of the claims from a generous construction of the papers, but colorable claims cannot be fashioned from the pleadings. No individual defendants are named,[2] no precise claims are raised, and no specific

---

[1] A federal court does not act as an advocate for a self-represented claimant. *See, e.g.*, *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

[2] Plaintiffs name the State of Maryland, *et al.*, as defendants. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65, 70-71 (1989). Moreover, the state is immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

relief is sought. Given the number of statutes and rules presented, along with the state court criminal documents presented by plaintiffs Cofield and Johnson, it is impossible for the court to discern what claims are being brought by plaintiffs. *See, e.g.*, *Middleworth v. Ohio,* 2008 WL 2902059, at *4 (N.D. Ohio 2008) ("To conduct any further review of the instant petition would set a precedent that would unnecessarily burden the Federal Courts by encouraging petitioners to file bare-bones petitions and letting the Court argue their cases.").[3] Such pleading tactics do not rise to the level of plausibility required under *Twombly.* Given the materials presented before this court, the complaint shall be summarily dismissed without requiring amendment, supplementation, or the issuance of summons. A separate Order follows.

Date: June 27, 2013            /s/
Catherine C. Blake
United States District Judge

---

[3] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.